## Rock v. Rock

*David S. Keller*, for plaintiff.
*E. Franklin Martin*, for defendant.

EPPINGER, *P.J.*, October 22, 1985—Plaintiff Karen A. Rock and defendant Tony Rock were divorced in Franklin County, Ma., by decree dated December 23, 1983. Plaintiff resides in Pelham, Ma., and defendant resides in Waynesboro, Pa.

As part of this decree, the Massachusetts court awarded $10,000 to plaintiff as a division of marital assets. Following a hearing before the Massachusetts court on February 22, 1985, the court entered corrected judgment, pursuant to Rule 60(a) of the Massachusetts Rules of Civil Procedure, directing that defendant pay plaintiff $10,000 as alimony. Both parties appeared at this hearing in person and/or by counsel.

Defendant has paid no part of this judgment. Plaintiff asks us, pursuant to 23 Pa.C.S. §506, to register, adopt and enforce the Massachusetts decree and judgment as a duly issued and authenticated decree of a sister state.

Defendant argues that it is implicit in the Pennsylvania Divorce Code that a lump-sum award cannot be considered alimony. Accordingly, he claims that we cannot adopt a foreign decree and judgment which is contrary to the law of Pennsylvania.

Plaintiff argues that, based on Heyman v. Heyman, 37 Bucks Co. L.R. 182 (1981), registering

the Massachusetts divorce decree is merely a ministerial act with defendant's defenses to be made at a post-registration hearing. Plaintiff's counsel conceded in his brief and at argument that it does not matter when defendant raises any defenses, either before registration of the Massachusetts decree or at the enforcement of the judgment, as long as defendant cannot raise his defenses at both stages. For purposes of judicial economy and efficiency we see no reason to allow registration of the decree and then hold a future hearing to enforce the judgement where defendant would be allowed to raise any defenses he may have to the registration. Defendant argued his defenses in his brief and at argument so this matter is ripe for disposition at this time.

23 Pa.C.S. §506 allows defendant to raise such defenses as would be available to him in the state which issued the original decree — Massachusetts. However, §506 must be read in conjunction with 23 Pa.C.S. §605, which states that the validity of *any* divorce decree granted by a court having jurisdiction over the subject matter cannot be questioned by *any* party who was subject to the personal jurisdiction of the court except by direct appeal. (Emphasis added.) It states further that:

"a party who sought and obtained such decree, financed or agreed to its procurement . . . is barred from making a collateral attack upon the validity of such decree unless by clear and convincing evidence it is established that fraud by the other party prevented him from making a timely appeal from such . . . decree."

Based on §605 and basic res judicata principles, defendant is not entitled to raise any defenses to the registration and adoption of the Massachusetts decree. Neither party disputes that the Massachusetts court had personal and subject-matter jurisdiction.

Defendant certainly, "sought and obtained such decree, . . . or agreed to its procurement," as he also filed for divorce in Massachusetts. Defendant has made no allegations of fraud in preventing him from appealing the Massachusetts decree.

For the doctrine of res judicata to apply, a concurrence of four conditions must be shown: (1) Identity in the things sued upon or for; (2) Identity of the cause of action; (3) Identity of persons and parties to the action; and (4) Identity of the quality or capacity of the parties suing or sued. Del Turco v. Peoples Home Savings Ass'n., 329 Pa. Super. 258, 268, 478 A.2d 456, 461 (1984). These four conditions are clearly met here. Res judicata, "prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding." Sports Factory, Inc. v. Chanoff, 586 Supp. 342, 347 (E.D., Pa. 1984); Daniel B. v. O'Bannon, 588 F. Supp. 1095, 1099 (E.D., Pa. 1984).

Section 605 is consistent with and supports the above language. Defendant's defenses fall squarely within the language of §605 and the doctrine of res judicata and he is barred from raising them in this proceeding. Defendant's remedy was to appeal the Massachusetts decree, not to split his case and present his defenses in a Pennsylvania proceeding. Having failed to appeal the Massachusetts decree, defendant cannot raise any defenses in this proceeding, pursuant to §506, as these defenses would not be available to him in Massachusetts.

Our interpretation of §506 is that defendant can raise any defenses he may have to registration of the Massachusetts decree only if he did not appear, in person or by counsel, in the divorce proceeding. The only way he could appear at the Massachusetts pro-

ceeding and still raise defenses here to the registration of the decree is if he only appeared in Massachusetts to challenge jurisdiction. This is the only way §506 and §605 can stand together.

Even if defendant is not barred from asserting a defense in Pennsylvania, we note that there is nothing in the Pennsylvania Divorce Code forbidding a lump-sum award of alimony. Alimony is defined in 23 Pa.C.S. §104 as, "an order for support granted by this or any other state to a spouse or former spouse in conjunction with a decree granting a divorce or annulment." A lump-sum award is not inconsistent with this definition.

In awarding alimony, courts are not to reward one party and punish the other, but to insure that the reasonable needs of the person who is unable to support himself or herself through appropriate employment are met. Semasek v. Semasek, 331 Pa. Super. 1, 13, 479 A.2d 1047, 1053 (1984). Its purpose is to allow the spouse with the smaller earning capacity to reach his or her earning potential. Pysher v. Pysher, 23 D.&C.3d 71, 75 (1982). A lump-sum award can accomplish these goals just as easily as periodic payments.

Defendant cites Young v. Young, 320 Pa. Super. 269, 467 A.2d 33 (1983); and Fuhr v. Fuhr, 29 D.&C.3d 459 (1984), as authority for his contention that a lump-sum alimony award is contrary to Pennsylvania law and that we cannot adopt such a foreign order. However, both cases are easily distinguishable. In Young, the wife sought to enforce a New Jersey court order by attaching her former husband's municipal pension. Our Superior Court held that municipal pensions are specifically exempted from attachment by 42 Pa.C.S. §8124(b)(1)(vi) and Pennsylvania courts cannot enforce a foreign order allowing for such. In Fuhr, the

court refused to enforce a Wisconsin order providing for permanent alimony based on the language of 23 Pa.C.S. §501(c) which provides stringent guidelines for the use of permanent alimony in Pennsylvania. There are no similar statutes or guidelines stating or implying that alimony cannot be awarded as a lump-sum payment.

## ORDER OF COURT

October 22, 1985, plaintiff's petition to register, adopt and enforce a foreign decree for alimony is granted.